or represents a clear error of judgment in balancing the sentencing factors.[4]

Contrary to Avila Lopez's assertions, the district court did account for his alcohol and drug addiction, the age of his prior conviction, and his "extraordinary rehabilitation." In particular, before imposing a below-guidelines sentence, the district court expressly noted that it had considered all of Avila Lopez's reasons for requesting a downward variance. In the written Statement of Reasons, the district court explained that is was varying below the guidelines based on the nature of the offense and Avila Lopez's history and characteristics.

Avila Lopez conclusionally asserts that the district court erred in balancing the sentencing factors, and his general argument that the district court should have sentenced him even further below the guidelines range merely reflects his disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors.[5]

The issue of the reasonableness of Avila Lopez's sentence is not foreclosed by circuit precedent. Accordingly, the Government's motion for summary affirmance is denied.[6] However, because Avila Lopez has not presented any evidence to rebut the presumption of reasonableness attached to his below-guidelines sentence,[7] further briefing in this case is not necessary. We therefore deny as unnecessary the Government's alternative request for an extension of time to file a brief, and we AFFIRM.

Lisa BEAN–KEMP, Individually and as Guardian of Mecole Roques; Tiffany Sloan, as Guardian of Mecole Roques' Minor Child J.S.; Tamika Sewell, Individually and as Guardian of Dexter Sewell; Tiffany Babin, as Guardian of Dexter Sewell's Minor Child D.S., Plaintiffs–Appellees

v.

Bill BAILEY, In Their Official and Individual Capacities; Troy Craig, In Their Official and Individual Capacities, Defendants–Appellants.

No. 11–20720.

United States Court of Appeals, Fifth Circuit.

Feb. 16, 2012.

James C. Harrington, Esq., Texas Civil Rights Project, Austin, TX, Michael Ste-

---

4. See United States v. Cooks, 589 F.3d 173, 186 (5th Cir.2009).

5. See United States v. Ruiz, 621 F.3d 390, 398 (5th Cir.2010) (finding that the defendant could not rebut the presumption of reasonableness of within-guidelines sentence with simple disagreement with the propriety of the sentence imposed).

6. See United States v. Holy Land Found. for Relief & Dev., 445 F.3d 771, 781 (5th Cir. 2006) (stating that summary disposition is appropriate when, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case"); see also United States v. Godfrey, No. 11–40263, 2011 WL 5429093, at *1 (5th Cir. Nov. 10, 2011) (unpublished) (per curiam). This Court's summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by Circuit precedent. See, e.g., United States v. Ortiz–Grajeda, 95 Fed.Appx. 589 (5th Cir. 2004).

7. See Cooks, 589 F.3d at 186.

phen Callahan, Callahan Law Firm, Houston, TX, for Plaintiffs–Appellees.

Fred Alton Keys, Jr., Esq., County Attorney's Office, Houston, TX, for Defendants–Appellants.

Before GARZA, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.

**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Casey Shawn SELF, Defendant–
Appellant.**

**No. 10–11299.**

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 2012.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.